UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:21-mj-1955-CPT

DE ANNA MARIE STINSON
_____/

**ORDER OF DETENTION**

This cause came before the Court for a hearing on the matter of the Defendant's release or detention pending trial. At the hearing, the government moved to detain the Defendant, and the Defendant opposed that request. For the reasons stated on the record at the hearing and as summarized below, the government's motion is granted.

To prevail on a motion for detention, the government must show by clear and convincing evidence that the Defendant poses a danger to the community, 18 U.S.C. § 3142(f)(2), and by a preponderance of the evidence that she poses a risk of flight, *United States v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990) (citing *United States v. King*, 849 F.2d 485, 489 n.3 (11th Cir. 1988)). In assessing whether the government has met its burden, the Court looks to the factors enumerated in 18 U.S.C. § 3142(g). *United States v. Houston*, 2009 WL 10674021, at *2 (M.D. Fla. Aug. 20, 2009).

The first of these factors is the nature and circumstances of the offenses the Defendant is alleged to have committed. 18 U.S.C. § 3142(g)(1). Here, the Defendant is charged in a complaint with murder-for-hire in violation of 18 U.S.C. § 1958, and solicitation to commit a crime of violence in violation of 18 U.S.C. § 373.[1] (Doc. 1). According to the government, these charges stem from a plot by the Defendant to retain a "hitman" to kill the spouse of her former significant other. *Id.* The government avers in the complaint and proffered at the hearing that, as part of this plot, the Defendant joined a website on the dark web that advertised murder-for-hire services (hereinafter, The Website); placed an "order" on The Website to have the victim murdered by providing, among other things, a photograph of the victim, the victim's name, and the victim's address; transmitted more than $12,000 in bitcoin to The Website to have a hitman assigned to the contract killing; communicated with prospective hitmen about the details of the proposed homicide; engaged in a recorded phone call with an undercover agent posing as a hitman, in which the Defendant confirmed she wanted the victim to be murdered; and sent $350 in bitcoin to the undercover agent so he could purchase a weapon to kill the victim. *Id.* The fact that the Defendant is charged with crimes involving the taking of another's life and is facing significant jail time if convicted of those crimes supports detention. 18 U.S.C. § 3142(g)(1) (specifically identifying

---

[1] The government advised at the hearing that the murder-for-hire charge carries a maximum term of imprisonment of ten years, and that the solicitation charge carries a maximum term of five years.

crimes of violence, among other offenses, as of particular concern in the detention analysis).

The second factor—the weight of the evidence against the Defendant—likewise militates against her release. 18 U.S.C. § 3142(g)(2). According to the government, the evidence it has developed during the course of its investigation of the Defendant includes information and documentation from The Website relating to the Defendant's alleged commission of the charged offenses; records reflecting the Defendant's transmission of bitcoin to The Website and the undercover agent in connection with these crimes; communications between the Defendant and the putative hitmen she sought to retain; the undercover agent's recorded phone call with the Defendant, in which the two discussed the murder of the victim; and data and items seized during the execution of a search warrant at the Defendant's home on the day of her arrest.

The third factor—the Defendant's history and characteristics—largely counsels against detention. 18 U.S.C. § 3142(g)(3). On the one hand, according to the pretrial services report, the Defendant has resided in Florida for most of her life, is gainfully employed, and has never been convicted of a crime. On the other hand, the pretrial trial services report reveals that the Defendant has sufficient financial resources to flee if she were so inclined, which is notable given the strength of the government's evidence against her, the prison sentence she is facing if convicted, and her advanced age (50).

The fourth factor—the nature and seriousness of the danger to the community posed by the Defendant's release—favors detention. 18 U.S.C. § 3142(g)(4). The Defendant's substantial and sustained efforts to have the victim murdered despite all that the Defendant would lose if she were caught demonstrates the magnitude of the harm—including the possible death of the victim—that could attend the Defendant's release.

In light of all of the above, the Court finds: (1) by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the Defendant's appearance as required; and (2) by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person or the community. Accordingly, the Court directs that the Defendant be detained.

The Defendant is hereby committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultation with counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

SO ORDERED in Tampa, Florida, this 24th day of September 2021.

*[Signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record